UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROQUE LARIOS, JR.,<br><br>                Petitioner,<br><br>    v.<br><br>JASON SCHULTZ, Warden,<br><br>                Respondent. | No.  1:24-cv-00302-KES-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION**<br><br>[Doc. 17]<br><br>[21-DAY OBJECTION DEADLINE] |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On March 1, 2024, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) On August 23, 2024, Respondent filed a motion to dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971). (Doc. 17.) Petitioner did not file an opposition.  Upon review of the pleadings, the Court will recommend that Respondent's motion to dismiss be GRANTED.

**I.     DISCUSSION**

    A.    Preliminary Review of Petition

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

### B. Abstention

Petitioner was convicted in the Kern County Superior Court on October 15, 2020, of attempted murder, assault with a firearm, and other firearm related offenses. (Doc. 18-1 at 1-4.) He appealed to the California Court of Appeals. On October 25, 2022, the appellate court remanded the matter for resentencing pursuant to Assembly Bill 518. (Doc. 18-2.) Judgment was affirmed in all other respects. (Doc. 18-2.) Petitioner petitioned for review in the California Supreme Court, and review was denied on January 11, 2023. (Doc. 18-3, 18-4.)

On August 9, 2024, Petitioner was resentenced to the initial sentence imposed. (Doc. 18-5.) The time to appeal the sentence expires on October 8, 2024. Petitioner filed the instant petition on March 1, 2024. (Doc. 1.)

It is premature for this court to review Petitioner's collateral attack on his conviction because judgment was not final at the time he filed the instant petition. A federal court's jurisdiction to review the merits of a habeas petition commences, in pertinent part, on "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

The Younger criteria are satisfied here. First, the time to seek direct review of Petitioner's resentencing has not expired, and thus, judgment is not final. The Supreme Court has stated: "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)).

Second, resentencing proceedings implicate an important state interest in enforcing criminal laws without federal interference. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing Younger, 401 U.S. at 44-45). Finally, the California state courts provide an adequate forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). When the state proceedings have fully concluded and his conviction becomes final, Petitioner may seek federal habeas relief. See, e.g., Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California state criminal proceedings, including his pending SB 620 motion in the California Court of Appeal, have concluded with a final judgment of conviction."). For these reasons, the Court does not find that extraordinary circumstances warrant intervention.

The Court further notes that "courts in the Ninth Circuit have abstained under Younger when a habeas petitioner's state resentencing appeal is pending." Duke v. Gastelo, 2020 WL 4341595, at *4 (C.D. Cal. June 24, 2020), *adopted*, 2020 WL 4339889 (C.D. Cal. July 28, 2020); Vanhook v. Burton, 2020 WL 5203439 (E.D. Cal. Sept. 1, 2020) (recommending denial of motion for stay and dismissal of federal habeas petition due to pending state appeal for resentencing); *adopted*, 2020 WL 5943013 (E.D. Cal. Oct. 7, 2020); Sauceda v. Sherman, 2020 WL 2510639, at *4 (C.D. Cal. Feb. 7, 2020) (recommending dismissal of a federal habeas petition due to pending state appeal for resentencing under Cal. P.C. § 1170.95), *adopted*, 2020 WL 1433678 (C.D. Cal. March 22, 2020); Phillips v. Neuschmid, 2019 WL 6312573, at *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing;" recommending dismissal of habeas petition due to pending state appeal for resentencing); *adopted*, 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019) (collecting cases).

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, the parties may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to objections must be filed within ten (10) court days of the date of filing of objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **October 7, 2024**              /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

4