UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROQUE LARIOS, JR.,<br><br>Petitioner,<br><br>v.<br><br><br>ISMAEL ALOMARI, Warden,<br><br>Respondent. | No. 1:24-cv-00302-KES-SKO (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS<br><br>Docs. 17, 20 |

**I.     Background**

Petitioner Roque Larios, Jr., is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition asserts that his federal due process rights were violated during the trial at which he was convicted because the prosecution played a recording for the jury that contained a statement which the trial court had ruled was inadmissible and that should have been redacted. Doc. 1 at 5, 9–10. The petition was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

On August 23, 2024, respondent Ismael Alomari, warden of California State Prison - Solano, filed a motion to dismiss, arguing that the Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Doc. 17. On October 8, 2024, the assigned magistrate judge issued findings and recommendations to grant respondent's motion to dismiss on that basis. Doc. 20. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. On October 18, 2024, petitioner filed objections to the findings and recommendations. Doc. 22.

The findings and recommendations reasoned that *Younger* abstention demanded dismissal of the petition because petitioner was still pending resentencing in state court when he filed his petition with this Court. Doc. 20 at 2–3. Petitioner was convicted on October 15, 2020. The state appellate court remanded his case for resentencing on October 25, 2022. *Id.* at 2. Petitioner was resentenced on August 9, 2024, and the deadline to appeal from his resentencing expired on October 8, 2024. *Id.* Petitioner filed his federal habeas petition in this Court on May 1, 2024. Doc. 1. As far as can be discerned from the docket of the Kern County Superior Court and the other filings in this case, it appears that petitioner did not appeal from his resentencing and that his conviction became final on direct review on October 8, 2024.[1] Doc. 20 at 2.

**II.  Discussion**

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the Court denies respondent's motion to dismiss and declines to adopt the findings and recommendations because *Younger* abstention is not warranted under the Ninth Circuit's recent decision in *Duke v. Gastelo*, 64 F.4th 1088 (9th Cir. 2023). In *Duke*, the Ninth Circuit held that

---

[1] The relevant time for considering whether *Younger* abstention applies is when the federal action is commenced. *See, e.g.*, *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1358 (9th Cir. 1986); *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987) ("[T]he critical question is not whether the state proceedings are still ongoing, but whether the state proceedings were underway before initiation of the federal proceedings." (quotations omitted)). If the federal action was commenced while state proceedings were pending, then *Younger* abstention would apply if its four-part test were met, regardless of whether the state proceedings had concluded by the time the federal court acts. *Id.*

2

*Younger* abstention did not apply when a federal habeas petition was filed while a petitioner's state resentencing proceedings were ongoing, when the state resentencing proceeding did not provide the petitioner the opportunity to raise the constitutional challenge brought in his federal petition.  *Id.* at 1094–99.

The *Younger* doctrine demands "that a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations. . . ." *Samuels v. Mackell*, 401 U.S. at 66, 69 (1971).  The doctrine is based on two vital principles:

> One is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. . . . This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger*, 401 U.S. at 43–44.  *Younger* abstention is "an extraordinary and narrow exception to the general rule that federal courts have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."  *Cook v. Harding*, 879 F.3d 1035, 1038 (9th Cir. 2018).

The Ninth Circuit has articulated a four-part test for determining when *Younger* applies. "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Duke*, 64 F.4th at 1094 (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original)).  All four requirements must be met.  *Id.*

In *Duke*, the Ninth Circuit addressed the interaction of the *Younger* doctrine with a federal habeas petition filed while the petitioner's state resentencing proceedings were still pending.  The *Duke* petitioner had an ongoing state resentencing proceeding pursuant to California Penal Code

3

§ 1172.6, a statute that provides for resentencing in certain circumstances for defendants convicted of felony murder or murder under the natural and probable consequences doctrine. *Duke*, 64 F.4th at 1091. While that proceeding was ongoing, the petitioner filed his first federal habeas petition, raising several constitutional claims related to prosecutorial misconduct. *Id.* The petitioner chose to file prior to the conclusion of the state resentencing proceeding to avoid the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statutory filing deadline, *id.*, which begins to run on "the date on which the judgment became final by the conclusion of direct review. . . ." 28 U.S.C. § 2244(d)(1)(A).

The Ninth Circuit held that the district court abused its discretion by dismissing the federal habeas petition under *Younger*, finding that *Younger*'s third requirement was not met because the petitioner did not have an opportunity to raise the constitutional challenges addressed in his federal petition in the state court resentencing proceeding. *Id.* at 1094–97. The court noted that the third requirement is the "animating rationale" of *Younger* because "a pending state proceeding, in all but unusual cases, [will] provide the federal plaintiff with the necessary vehicle for vindicating his constitutional rights." *Id.* at 1094, 1095 (quoting *Steffel v. Thompson*, 415 U.S. 452, 460 (1974)). When the pending state resentencing proceeding concerns only a state law claim and does not provide any opportunity for the petitioner to raise federal constitutional claims, "*Younger*'s comity concerns do not come into play," *id.* at 1095, and the federal court's examination of the constitutional claims in a habeas petition does not demonstrate a lack of respect for the state court's ability to do the same. *See Steffel*, 415 U.S. at 460–62.

In the case at hand, as in *Duke*, the state resentencing proceeding which was pending when petitioner filed his federal petition did not provide petitioner the opportunity to raise the due process claim he brings in his federal petition. *See* Doc. 1 at 11–14. Moreover, petitioner had already raised and exhausted his state remedies as to the due process claim by specifically raising this claim in his direct appeals to both the California Court of Appeal, which denied it on the merits, *People v. Larios*, F082078 (Cal. Ct. App. Oct. 24, 2022), and the California Supreme Court, which summarily denied it, *People v. Larios*, S277447 (Cal. Jan. 11, 2023). Docs. 18-3, 18-4. Petitioner's due process claim was thus presented and decided in the appeal from his

4

conviction, satisfying the exhaustion requirement. *See Chambers v. McDaniel*, 549 F.3d 1191, 1195–99 (9th Cir. 2008) (exhaustion requirement satisfied where petitioner raised constitutional due process claim once before state supreme court, even where petitioner could have raised claim a second time).[2]

Petitioner's state case was remanded only for resentencing on unrelated state law grounds. *Larios*, F082078, at *2. The California court of appeals remanded the case for resentencing consistent with state law Assembly Bill No. 518, which provided the trial court with discretion to impose a lesser sentence. *Id.* at 11–13. In such a resentencing proceeding under California law, a defendant may not challenge his underlying conviction or assert due process violations at trial. *See Peracchi v. Superior Ct.*, 135 Cal. Rptr. 2d 639, 646 (Cal. 2003) ("[A] remand for resentencing – a limited order that does not disturb the verdict or even necessarily disturb the judgment and the sentence previously pronounced – . . . does not itself constitute the granting of a new trial."). Petitioner thus could not raise his federal due process claim in the remanded sentencing proceeding. *See Larios*, F082078, at *12–13. Therefore, petitioner had exhausted his state remedies with respect to his due process claim when his federal petition was filed. *See id.*

The "salient point" in *Duke* was that, as is also the case here, *Younger*'s third requirement was not met. *Duke*, 64 F.4th at 1095. A distinction with *Duke* is that petitioner here was pending resentencing ordered on direct review, whereas in *Duke* the state court ordered the resentencing on collateral review. That distinction does not warrant a different result as to *Younger* abstention.

The state court in *Duke* ordered the resentencing on collateral review, after the *Duke* petitioner's conviction had become final on direct review. The statute which mandated

---

[2] Furthermore, petitioner does not have the opportunity to re-raise the claim in a state habeas proceeding. In California, a state habeas petitioner cannot re-raise a claim that the state court rejected on direct appeal except under narrow circumstances that are not present here. *In re Reno*, 55 Cal. 4th 428, 476 (Cal. 2012), *rev'd on other grounds by in re Friend*, 280 Cal. Rptr. 3d 313 (Cal. 2021) ("There may be no more venerable a procedural rule with respect to habeas corpus than what has come to be known as the *Waltreus* rule; that is, legal claims that have previously been raised and rejected on direct appeal ordinarily cannot be reraised in a collateral attack by filing a petition for a writ of habeas corpus."); *see also In re Hill*, 325 Cal. Rptr. 3d 225, 254 (Cal. Ct. App. 2024) ("Of course, it would not be appropriate to consider this [claim if it] had previously been denied. . . ."); *Ex parte Miller*, 17 Cal. 2d 734, 735 (Cal. 1941) (summarily denying petition that raised a claim already considered by the state courts).

resentencing in that case, California Penal Code § 1172.6, was passed after the *Duke* petitioner's conviction became final.  Here, petitioner's conviction had not become final on direct review when he filed his petition on May 1, 2024.  Doc. 1.  In a criminal case, a conviction does not become final on direct review until the defendant is sentenced and all appeals are exhausted.  *Burton v. Stewart*, 549 U.S. 147, 156 (2007).  "But this alone does not warrant abstention under *Younger*, which separately requires that the ongoing proceedings provide the petitioner with an adequate opportunity to raise the constitutional questions presented in the federal habeas petition."  *Saddozai v. Smith*, No. 22-cv-05202-PCP, 2024 WL 3844721, at *3 (N.D. Cal. Aug. 1, 2024).[3]

Petitioner, as in *Duke*, did not have the opportunity to raise his proffered constitutional claim in the remanded state sentencing proceeding, and his due process claim had already been raised and decided against him on his initial direct state appeal.  In *Duke*, the state conceded that the resentencing court was "not concerned with [the federal habeas] claims because [the proceedings are] narrowly focused on the statutory [resentencing] eligibility criteria, and the limited nature of [the resentencing proceeding] means the state court[] [does] not weigh whether a conviction was . . . tainted by trial error."  *Duke*, 64 F.4th at 1094.  Similarly, here petitioner could not assert his due process claim at his resentencing hearing.  *See Peracchi v. Superior Ct.*, 135 Cal. Rptr. 2d 639, 646 (Cal. 2003).  Therefore, although state resentencing proceedings were

---

[3] Although petitioner's conviction was not yet final on direct review, this Court still had jurisdiction over the petition.  28 U.S.C. § 2244(d)(1)(A) imposes a one-year statute of limitations for filing a habeas petition which begins on the date that the conviction becomes final on direct review.  However, "the statute of limitations . . . is not jurisdictional."  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  For purposes of determining a federal court's jurisdiction over a habeas petition, the requirement is not whether a petitioner's conviction is final on direct review, but whether the petitioner is "in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) ("Section 2254(a)'s in custody requirement has been interpreted to mean that federal courts [have] jurisdiction over habeas corpus petitions [when] the petitioner is under the [judgment] under attack at the time the petition is filed." (emphasis added)).  Here, petitioner is imprisoned at the California State Prison – Solano and he attacks the trial court's judgment of guilt, so he meets the "in custody" requirement.  *See Bailey*, 599 F.3d at 979 (explaining that a petitioner held in a state prison satisfies the "in custody" requirement).

ongoing at the time he filed his petition, the primary concern evinced by *Younger* – comity – is not implicated here. *See Duke*, 64 F.4th at 1095. When a petitioner does not have the chance to litigate his federal constitutional claim in the pending state proceeding, allowing a petitioner to proceed with his claims in federal court will not "be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles." *Steffel*, 415 U.S. at 462.

### III.     Conclusion and Order

"Properly framed, the third requirement for *Younger* abstention asks whether there remains an opportunity to litigate the federal claim in a state-court proceeding at the time the federal" petition is filed. *Duke*, 64 F.4th at 1096. There was no such opportunity left for petitioner, so the Court denies respondent's motion to dismiss.

Accordingly,

1. Respondent's motion to dismiss, Doc. 17, is denied;
2. The Court declines to adopt the findings and recommendations issued on October 8, 2024, Doc. 20; and
3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:     January 6, 2025

_____
UNITED STATES DISTRICT JUDGE