1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ROQUE LARIOS, JR.,                          No.  1:24-cv-00302-KES-SKO (HC)

12                  Petitioner,
                                                 ORDER DENYING RESPONDENT'S
13                                               MOTION FOR RECONSIDERATION
         v.
14
                                                 Doc. 25
15   ISMAEL ALOMARI, Warden,

16                  Respondent.

17

18          On January 6, 2025, the Court issued an order denying respondent Ismael Alomari's

19   motion to dismiss petitioner Roque Larios, Jr.'s federal habeas petition because, as addressed in

20   the order, *Younger* abstention is not appropriate.  Doc. 24 ("Order").  On January 7, 2025,

21   respondent filed a motion for reconsideration.  Doc. 25.

22          Respondent fails to identify a basis for reconsideration of the Order.  Federal Rule of Civil

23   Procedure 60(b) provides for relief from an order for the following reasons:

24               (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
                 discovered evidence that, with reasonable diligence, could not have
25               been discovered in time to move for a new trial under 59(b); (3)
                 fraud, . . . misrepresentation, or misconduct by an opposing party; (4)
26               the judgment is void; (5) the judgment has been satisfied, released,
                 or discharged; it is based on an earlier judgment that has been
27               reversed or otherwise vacated; or applying it prospectively is no
                 longer equitable; or (6) any other reason that justifies relief.
28

1

1   Fed. R. Civ. P. 60(b).

2          While the Court has discretion to reconsider and vacate a prior order, *Barber v. Hawaii,*

3   42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored and "should not be

4   granted, absent highly unusual circumstances, unless the district court is presented with newly

5   discovered evidence, committed *clear error*, or . . . [there is] an intervening change in the

6   controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam)

7   (internal quotation and citation omitted).  "A party seeking reconsideration must show more than

8   a disagreement with the Court's decision, and recapitulation of the cases and arguments

9   considered by the court before rendering its original decision fails to carry the moving party's

10   burden." *U.S. v. Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).  This

11   Court's local rules further provide that any party seeking reconsideration of an order must state

12   "what new or different facts or circumstances are claimed to exist which did not exist or were not

13   shown upon such prior motion, or what other grounds exist for the motion; and why the facts or

14   circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)–(4).

15          Respondent fails to point to the appropriate legal standard for seeking reconsideration, and

16   he fails to comply with Local Rule 230(j) because he does not explain why his arguments and the

17   cases he cites were not presented in his original motion.  *See* Doc. 25.  Furthermore, he does not

18   cite any newly discovered facts or evidence or any intervening change in law.  *See id.*  The Court

19   found that *Younger* abstention was not warranted under *Duke v. Gastelo*, 64 F.4th 1088 (9th Cir.

20   2023).  Doc. 24.  Having failed to cite or address the *Duke* decision in his motion to dismiss,

21   which was filed over a year after the *Duke* decision was issued, in his motion for reconsideration

22   respondent now disputes the Court's analysis of *Duke*.  *See id.*  Given that respondent does not

23   point to new facts or an intervening change in law, the Court construes respondent's motion as an

24   assertion that the Court committed clear error.  *See McDowell*, 197 F.3d at 1255.

25          Respondent's motion fails to establish any error in the Order denying his motion to

26   dismiss.  The Court explained that *Younger* abstention is appropriate when: "(1) there is 'an

27   ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3)

28   there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and

2

1    (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing

2    state judicial proceeding." Order at 3 (quoting *Duke v. Gastelo*, 64 F.4th 1088, 1094 (9th Cir.

3    2023)). "All four requirements must be met." *Id.* "In *Duke*, the Ninth Circuit held that [the third

4    requirement for *Younger* abstention was not satisfied] when a federal habeas petition was filed while a

5    petitioner's state resentencing proceedings were ongoing, when the state resentencing proceeding did

6    not provide the petitioner the opportunity to raise the constitutional challenge brought in his federal

7    petition." *Id.* at 2–3 (citing *Duke*, 64 F.4th at 1094–99).

8         In this case, after petitioner was convicted in state court, he raised and exhausted on direct

9    appeal the federal due process claim he makes here. *See* Doc. 1 at 5, 9–10. The state courts

10   decided the due process claim against him, affirmed the judgment, and remanded for resentencing

11   solely on unrelated state law grounds. *People v. Larios*, F082078 (Cal. Ct. App. Oct. 24, 2022);

12   *People v. Larios*, S277447 (Cal. Jan. 11, 2023). Although petitioner filed his federal habeas

13   petition while his state resentencing proceeding was still pending, Doc. 20 at 2–3, the third

14   requirement for *Younger* abstention was not satisfied because the due process claim raised in his

15   federal petition had already been presented to the state courts and decided against him, and he did

16   not have the opportunity to re-raise that claim in his state resentencing proceeding.[1] Order at 2–7.

17        Respondent acknowledges that "a federal court should abstain '*unless state law clearly*

18   *bars the interposition of the constitutional claims*.'" Doc. 25 at 3 (quoting *Moore v. Sims*,

19   442 U.S. 415, 426 (1979)) (emphasis added). The Court's prior order noted that petitioner could

20   not assert his federal due process claim in his state resentencing proceeding. Doc. 24 at 5.

21   Respondent appears to concede this point by not addressing it in his motion for reconsideration.

22   *See* Doc. 25. Instead, respondent argues that abstention is warranted because petitioner

23   *previously* had the opportunity to raise his federal constitutional claim in state court on direct

24   appeal, and in fact "did raise" his claim and it was decided against him by the state courts. Doc.

25   25 at 3–4. But, as addressed in the Court's prior order, this argument was rejected in *Duke*. *See*

26

27   ────────────────
     [1] The Court also noted that petitioner did not appeal from his resentencing and the deadline to do
     so expired on October 8, 2024. *See* Doc. 24 at 2. Thus, there are no further proceedings pending
28   in state court that would warrant a stay of this federal proceeding.

1    Doc. 24 at 4; *Duke*, 64 F.4th at 1095 ("For purposes of the present appeal, the salient point is that

2    the State agrees that there is no possibility the *ongoing* [resentencing] proceeding will address

3    *Duke*'s constitutional claims; indeed, the state courts have already considered and rejected them."

4    (emphasis added)).

5          Respondent argues that *Duke* does not foreclose *Younger* abstention in this case because

6    here the state court ordered petitioner's resentencing on his direct appeal, whereas in *Duke* the

7    state court ordered the resentencing in response to the petitioner's filing in a collateral

8    proceeding.  Doc. 25 at 1.  But, as addressed in the Order, this distinction in the procedure by

9    which the state resentencing was ordered in the two cases does not warrant a different outcome

10   with respect to *Younger* abstention, because in both cases the *ongoing* state proceedings did not

11   provide any opportunity to raise the constitutional questions presented in the federal habeas

12   petition.  Doc. 24 at 6.  *Younger*'s comity concern was therefore not implicated: "When a

13   petitioner does not have the chance to litigate his federal constitutional claim in the pending state

14   proceeding, allowing a petitioner to proceed with his claims in federal court will not 'be

15   interpreted as reflecting negatively upon the state court's ability to enforce constitutional

16   principles.'"  Order at 7 (quoting *Steffel v. Thompson*, 415 U.S. 452, 460 (1974)).

17         Respondent cites to *Drury v. Cox*, 457 F.2d 764 (9th Cir. 1972), for the proposition that a

18   federal petitioner must wait until his state criminal proceedings have fully concluded before filing

19   a federal habeas petition, even if the claim asserted in the petition has been conclusively

20   exhausted in state court.  Doc. 25 at 2.  But *Drury* did not address the effect of a pending state

21   resentencing on a federal habeas petition.  Rather, in *Drury* the Ninth Circuit denied a federal

22   habeas petition on *Younger* grounds because, even though the petitioner's probable cause claim

23   had been exhausted, the petitioner's trial had not yet occurred.  *Id.* at 564–65.  Moreover, *Drury*

24   was overruled by *Gerstein v. Pugh*, 420 U.S. 103 (1975), as the Ninth Circuit recognized in *Page*

25   *v. King*, 932 F.3d 898, 905 (9th Cir. 2019).  In *Gerstein*, the Supreme Court explained that the

26   lower court was correct not to abstain from deciding a habeas petition that alleged the state was

27   holding the petitioner without probable cause because, among other things, "the issue could not

28   be raised in defense of the criminal prosecution."  420 U.S. at 108 n.9.  In *Page*, the Ninth Circuit

1   explained that it "issued *Drury* prior to the Supreme Court's decision in *Gerstein*, which, as

2   noted, expressly held that *Younger* abstention was not appropriate where the petitioner claims that

3   the state has not provided appropriate pretrial probable cause procedures.  To the extent that

4   *Drury* stands for the opposite proposition, it has been overruled." *Id.*  Thus, petitioner's reliance

5   on *Drury* is misplaced.

6        Respondent also asserts that the Court should abstain because, respondent argues,

7   petitioner "could have raised any federal constitutional claim that arose from his resentencing on

8   direct appeal." Doc. 25 at 4.  However, petitioner has never asserted any federal claim regarding

9   his resentencing. *See* Doc. 1 at 5.  His petition asserts only that his due process rights were

10  violated at trial, a claim which he raised and exhausted on direct appeal before filing his federal

11  petition and that he did not have another opportunity to challenge in his state resentencing

12  proceeding.  Respondent fails to present any reason that the Court should abstain from

13  considering a federal constitutional claim that petitioner fully exhausted in state proceedings prior

14  to filing his federal petition, and that petitioner was foreclosed from re-raising in his resentencing

15  proceeding.

16        Accordingly,

17     1.     Respondent's motion for reconsideration, Doc. 25, is denied.

18

19

20  IT IS SO ORDERED.

21   Dated:    January 13, 2025

    _____
    UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28